IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM SHAMAR GREEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-3037 |
| | : | |
| LIEUTENANT MERGEN, et al. | : | |

## **ORDER**

AND NOW, this 23rd day of January, 2025, upon consideration of the Commonwealth Defendants' Motion for Summary Judgment, Plaintiff William Shamar Green's Motion for Summary Judgment, and the responses to both Motions, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED Defendants' Motion for Summary Judgment (ECF No. 53) is GRANTED in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 55) is DENIED. Judgment is entered in favor of the moving Defendants[1] on all claims.

It is FURTHER ORDERED Plaintiff William Shamar Green's Motion for Appointment of Counsel (ECF No. 62) is DENIED.[2]

---

[1] The moving defendants ("Commonwealth Defendants") include the following six defendants: Lieutenant Lauren Mergen, Sergeant Mark McLean, Corrections Officer Maurice Nesmith, Corrections Officer Anais Saldana, Corrections Officer Kevin Volk, and Corrections Officer Arthur Wolman.

[2] A plaintiff in a civil case has no constitutional or statutory right to counsel. *See Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). But district courts have the authority to "request" appointed counsel under the statute governing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(e)(1). In determining whether to request an attorney for an indigent civil plaintiff, a district court must assess whether the plaintiff's case has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). For the reasons described in the Court's memorandum granting summary judgment for Commonwealth Defendants and because Green's case against the one remaining defendant cannot proceed, *see* n. 3, *infra*, this case does not have arguable merit in fact and law. Green's request for appointment of counsel is denied.

It is FURTHER ORDERED this case is DISMISSED as to the one remaining defendant, Defendant "Nurse Ms. Sherry"—a Jane Doe defendant—because Green has failed to provide sufficient identifying information to allow for service.[3]

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[3] While a case may begin with a Doe defendant, the case law is "clear that fictitious parties must eventually be dismissed, if discovery yields no identities." *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998). If a plaintiff has not identified a Doe defendant by the close of discovery, the court may dismiss the party. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); s*ee, e.g.*, *McCrudden v. United States*, 763 F. App'x 142, 145 (3d Cir. 2019) (affirming the dismissal of unidentified Doe defendants after discovery was complete); *Lamb v. Montgomery Twp.*, 734 F. App'x 106, 108 (3d Cir. 2018) (same); *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250–51 (3d Cir. 2009) (same); *Jenkins v. Union Lab. Life Ins. Co.*, 900 F. Supp. 2d 534, 537 (E.D. Pa. 2012) (same). "An action cannot be maintained solely against Doe defendants." *Hindes*, 137 F.3d at 155.

Green commenced this action in August 2023, identifying "Nurse Ms. Sherry" as one of the defendants in this case. ECF No. 2. As explained in this Court's December 4, 2023 Order, service was never properly effectuated upon Sherry due to a lack of identifying information. *See* ECF No. 22. In that same Order, the Court directed Green to inform the Court if he learned more about the identity or address of "Nurse Ms. Sherry" to allow for service. *Id.* at 2. The Court warned Green that a failure to do so could lead to dismissal of the case against Sherry. *Id*. Discovery in this case closed six months ago, on July 19, 2024. ECF No. 34. While Green attempted to learn more about Sherry during discovery, those attempts appear to have been unsuccessful, and the Court still lacks identifying information about Sherry. Because "Nurse Ms. Sherry" remains a Doe defendant at this late stage, she will be dismissed as a party to this case.